IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

RAND J. HOOKS,

        Plaintiff,

    v.

STATE OF ALASKA,

        Defendant.

Case No. 3:22-cv-00268-JMK

**ORDER RE DEFENDANT'S MOTION TO REMAND TO
STATE COURT & MOTION FOR ATTORNEY FEES**

On December 9, 2022, Rand Hooks, a self-represented litigant ("Plaintiff"), filed a Notice of Removal from Superior Court of the State of Alaska, Third Judicial District at Anchorage, case number 3AN-22-07308CI.[1] He also filed a Civil Cover Sheet and an Application to Waive the filing fee.[2] On December 19, 2022, Defendant State of Alaska ("Defendant") filed a Motion to Remand to State Court and requests recovery of attorney fees and costs incurred as a result of the removal.[3] For the reasons explained below, Defendant's Motion is **GRANTED IN PART.**

---

[1] Docket 1.

[2] Dockets 2–3.

[3] Docket 6.

**Plaintiff Has Not Named a Proper Defendant**

The Eleventh Amendment prohibits federal courts from hearing suits brought against a state both by its own citizens, as well as by citizens of other states.[4] This prohibition extends to suits against states themselves, and to suits against state agencies.[5] Likewise, "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."[6] This judicial immunity is immunity from lawsuit, not just from ultimate assessment of damages, and it cannot be overcome by allegations of bad faith or malice.[7] Judicial immunity is an absolute immunity from suit overcome only (1) where a judge takes actions outside of judicial capacity, or (2) where judicial actions were taken in the complete absence of all jurisdiction.[8]

Plaintiff brings suit against the State of California.[9] Although he only names the state as a defendant, he also alleges Honorable Judge Gregory Miller "violated

---

[4] *See Brooks v. Sulphur Springs Valley Elec. Coop.,* 951 F.2d 1050, 1053 (9th Cir. 1991).

[5] *See Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); *Taylor v. List,* 880 F.2d 1040, 1045 (9th Cir. 1989).

[6] *Ashelman v. Pope*, 793 F.2d 1072, 1075–76 (9th Cir. 1986) (citations omitted) (in determining if an action is judicial, courts focus on whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."). "These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity." *Ashelman*, 793 F.2d at 1076.

[7] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

[8] *Mireles v. Waco,* 502 U.S. 9, 11–12 (1991).

[9] Docket 1.

Case No. 3:22-cv-00268-JMK, *Hooks v. State of Alaska*
Order Remanding to State Court
Page 2 of 5
Case 3:22-cv-00268-JMK   Document 7   Filed 12/28/22   Page 2 of 5

the CDC Moratoriums Federally Mandated Order [and] didn't adhere to the Federal Rules of Civil Procedure."[10] Plaintiff specifically alleges Judge Miller improperly granting summary judgment against him in the civil matter *Stephan v. Hooks*, 3AN-19-05932CI.[11]

The State of Alaska and judges are immune from suit. No defendants could be substituted under these facts. Accordingly, this case cannot proceed as pled and amendment would be futile.[12] Therefore, the Court must **REMAND THIS MATTER TO STATE COURT.** However, as discussed below, Defendant's Motion for Attorney Fees is **DENIED.**

## Attorney Fees

Absent unusual circumstances, courts may award attorney fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.[13] In applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case.[14]

---

[10] Docket 1 at 7.

[11] See Docket 1 at 5–6.

[12] Because the Court is remanding for naming Defendants who are immune from suit, the Court need not address the additional arguments raised in Defendant's Motion to Dismiss.

[13] *See, e.g., Hornbuckle,* 385 F.3d, at 541; *Valdes v. Wal–Mart Stores, Inc.,* 199 F.3d 290, 293 (C.A.5 2000).

[14] *Martin v. Franklin Cap. Corp.,* 546 U.S. 132, 141 (2005).

Case No. 3:22-cv-00268-JMK, *Hooks v. State of Alaska*
Order Remanding to State Court
Page 3 of 5
Case 3:22-cv-00268-JMK   Document 7   Filed 12/28/22   Page 3 of 5

Although Plaintiff brought suit against improper defendants, he alleges violations of several U.S. statutes, including 42 U.S.C. § 1983.[15] While the Court acknowledges Defendant's position on Plaintiff's procedural errors and concerns regarding forum shopping, the Courts finds an objectively reasonable basis for seeking removal exists. Therefore, the court will not award fees and costs.

However, the Court provides the following guidance to Plaintiff should he wish to pursue future litigation.

## Notice to Plaintiff

A court may act with leniency towards a self-represented litigant for procedural violations, but attorneys and self-represented litigants are expected to follow the same rules and procedures.[16] Civil actions in federal courts abide by the Federal Rules of Civil Procedure.[17] Additionally, the U.S. District Court of Alaska has Local Civil Rules.[18] Under Local Civil Rule 11.2, the Court is well within its power to impose sanctions for rules violations, including fines, costs, and attorney's fees awards. Beyond these rules-based options, a federal district court

---

[15] Docket 1 at 7.

[16] *Motoyama v. Hawaii, Dept. of Transp.*, 864 F. Supp. 2d 965, 976 (2012); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), *overruled on other grounds by Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (establishing self-represented litigants are bound by the same procedural rules as represented parties).

[17] The most current Rules of Civil Procedure will be available here: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure.

[18] The most current local rules will be here: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:22-cv-00268-JMK, *Hooks v. State of Alaska*
Order Remanding to State Court
Page 4 of 5
Case 3:22-cv-00268-JMK   Document 7   Filed 12/28/22   Page 4 of 5

possess inherent powers to manage their own affairs in order to achieve orderly dispositions.[19] This includes fashioning sanctions for conduct that brings duplicative claims that have already been litigated, abuses the judicial process or is in bad faith.[20] The Court cautions Plaintiff to carefully consider any future filings with the Court.

**IT IS THEREFORE ORDERED:**

1. Defendant's Motion to Remand to State Court is **GRANTED;**

2. Defendant's Motion for Attorney Fees and Costs is **DENIED;**

3. All pending Motions and Orders are **DISMISSED AS MOOT;**

4. The Clerk of Court is directed to **REMAND** this action to the Superior Court for the State of Alaska, Third Judicial District at Anchorage.

DATED this 28th day of December, 2022, at Anchorage, Alaska.

*/s/ Joshua M. Kindred*
JOSHUA M. KINDRED
UNITED STATES DISTRICT JUDGE

---

[19] *America Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021).

[20] *Id*. *See also Abdul–Akbar v. Dep't of Corr.,* 910 F. Supp. 986 (D. Del., 1995), *aff'd,* 111 F.3d 125 (3d Cir.) (table decision), *cert. denied,* 522 U.S. 852 (1997).